IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT L. MIHAILOVICH, § | | |
| Petitioner, § | | |
| § | | |
| v. § | | 3:14-CV-4272-N-BK |
| § | | (3:05-CR-00067-N-1) |
| UNITED STATES OF AMERICA, § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was automatically referred to the United States Magistrate Judge. Petitioner, a former federal prisoner, filed a *pro se Writ of Coram Nobis*. For the reasons that follow, it is recommended that the *Writ of Coram Nobis*, Doc. 3, be summarily dismissed.

**I. BACKGROUND**

In 2005, Petitioner pled guilty to mail fraud, and was sentenced to 21 months' imprisonment and a three-year term of supervised release, and ordered to pay restitution of $197,446.12 and a $50,000 fine. *United States v. Mihailovich*, No. 3:05-CR-00067-N-1 (N.D. Tex. 2005), Crim. Doc. 23. Although the subsequent history of this case is involved, what is relevant to the motion *sub judice* is that Petitioner did not file a direct appeal, and unsuccessfully sought to vacate his sentence under 28 U.S.C. § 2255. *See Mihailovich v. United States*, No. 3:06-CV-1569-N, 2007 WL 316851 (N.D. Tex. 2007).

Now, in his *Writ of Coram Nobis*, Petitioner alleges for the first time that counsel rendered ineffective assistance when he failed to advise Petitioner of a statute of limitations defense before recommending that he plead guilty to the information and waive his right to grand jury indictment. Doc. 3 at 2-3. Petitioner asserts the information was filed on March 24, 2005,

but that the predicate mailing alleged in the information -- an envelope mailed to Linda Stevey on February 24, 2000 -- was outside the five-year statute of limitations. Doc. 3 at 3.

## II. ANALYSIS

The writ of coram nobis is an "extraordinary remedy" intended to achieve justice when "errors 'of the most fundamental character'" have occurred in a criminal proceeding. *United States v. Dyer*, 136 F.3d 417, 422 (5th Cir. 1998) (quoting *United States v. Morgan*, 346 U.S. 502, 511-512 (1954)); *see also United States v. Denedo*, 556 U.S. 904, 911-913 (2009). It is available to a defendant "no longer in custody who seeks to vacate his conviction in circumstances where 'the petitioner can demonstrate that he is suffering civil disabilities as a consequence of the criminal convictions and that the challenged error is of sufficient magnitude to justify the extraordinary relief.'" *United States v. Castro*, 26 F.3d 557, 559 & n. 3 (5th Cir. 1994) (quoting *United States v. Marcello*, 876 F.2d 1147, 1154 (5th Cir. 1989)). The coram nobis remedy "should issue to correct only errors which result in a complete miscarriage of justice." *Marcello*, 876 F.2d at 1154 (citing *Morgan*, 346 U.S. at 512). In addition, the writ is appropriate "only when no other remedy is available and when 'sound reasons exist[ ] for failure to seek appropriate earlier relief.'" *Dyer*, 136 F.3d at 422 (quoting *Morgan*, 346 U.S. at 512). Moreover, the petitioner "bears the considerable burden of overcoming the presumption that previous judicial proceedings were correct," *id.*, and "must . . . provide 'sound reasons' for his failure to seek permission to assert the claims alleged in his coram nobis petition in a successive petition under 28 U.S.C. § 2255 while he was still in custody." *United States v. Esogbue*, 357 F.3d 532, 535 (5th Cir. 2004).

Here, although Petitioner is no longer in custody, Doc. 7 at 1, he cannot satisfy the substantial burden for obtaining a writ of coram nobis. His claim that counsel rendered ineffective assistance in failing to advise him about the limitations defense could have been raised in a prior section 2255 motion, and he presents no "'sound reason[] for failure to seek appropriate earlier relief.'" *Dyer*, 136 F.3d at 422 (quoted case omitted); *see also Esogbue*, 357 F.3d at 535 (it is petitioner's burden to explain "his failure to seek permission to assert the claims alleged in his coram nobis petition in a successive petition under 28 U.S.C. § 2255 while he was still in custody," and that "he would have been unable to satisfy the stringent standards for filing a successive § 2255 motion while he was in custody is not such a 'sound reason.'"). In response to the Court's questionnaire, Petitioner merely relies on his *pro se* status and lack of legal training. Doc. 7 at 4.

In addition, Petitioner only generally avers that he did not discover the claim until October 2014, Doc. 7 at 4. However, "conclusory arguments, which are not supported by any record evidence, do not establish the exceptional circumstances warranting *coram nobis* relief." *Beadles v. United States*, 95 F. App'x. 549, at *1 (5th Cir. Apr. 21, 2004). In any event, Petitioner's assertions are belied by the record. Although the Court does not reach the merits of Petitioner's limitations claim, its factual basis was readily apparent at the time of Petitioner's guilty plea. The information to which he pled guilty was filed on March 24, 2005, is only 3 pages long, and very clearly stated in its concluding paragraph that the date of the mailing was February 24, 2000. Crim. Doc. 1. *See United States v. Arky,* 938 F.2d 579, 581 (5th Cir. 1991) (a defendant waives the affirmative defense of statute of limitations by not "asserting [it] at trial").

Moreover, Petitioner has failed to demonstrate any substantial, ongoing civil disability resulting from his allegedly wrongful conviction that would warrant granting the extraordinary writ of coram nobis. Some courts recognize that the loss of the right to vote and the inability to hold occupational license or bear firearms could be sufficient to satisfy the initial element of coram nobis. *See, e.g.*, United States v. Keane, 852 F.2d 199, 203 (7th Cir. 1988). The United States Court of Appeals for the Fifth Circuit, however, has suggested a higher standard. In United States v. Dyer, the Court concluded that the petitioner had "failed to allege with any specificity what lingering civil disabilities he continue[d] to suffer as a result of his . . . mail fraud conviction." 136 F.3d 417, 422. The Court then stated: "[W]e will generally not presume that the collateral consequences of a prior conviction are sufficiently substantial to demonstrate the 'compelling circumstances' that warrant *coram nobis* relief." Id. at 429. In support, the Court cited its earlier decision in Rodgers v. United States, 451 F.2d 562, 564 (5th Cir.1971) (per curiam). Dyer, 136 F.3d at 429 n. 33. In Rodgers, the Court stated that collateral consequences almost inevitably flow from criminal convictions, but "that fact alone is not enough to justify issuance of an extraordinary writ of coram nobis." 451 F.2d at 564.

Most of the circuits that have addressed the issue have also "held that coram nobis petitioners are required to show that their allegedly wrongful conviction actually results in an ongoing civil disability." Blanton v. United States, 94 F.3d 227, 233 (6th Cir. 1996) (collecting cases from First, Second, Third, Fifth, Seventh and Eighth Circuits, and noting contrary authority from Fourth and Ninth Circuit). In that regard, the Seventh Circuit has concluded that "civil disability has three elements: (1) the disability must be causing a present harm; (2) the disability

must arise out of the erroneous sentence; and (3) the potential harm to the petitioner must be more than incidental." *See United States v. Sloan*, 505 F.3d 685, 697 (7th Cir. 2007).

Here, because the coram nobis petition was completely silent about any civil disability, Doc. 3, the Court granted Petitioner an opportunity to explain in detail the consequences he suffers as a result of his conviction. Although he was cautioned to be precise and specific and that generalities would not suffice, Petitioner responded in its entirety as follows:

> Beside the significant order of restitution and fine that I was ordered to pay, I am suffering from the prosecutions of being labeled a felon. I cannot vote, I cannot carry a firearm, law enforcement agents are much more aggressive towards felons, it is difficult to contract for personal and business purposes, most apartment complexes will not rent to x-felons, and there are many jobs that are no longer available to me because of the stigma or company employment policies forbidding the hiring of individuals with a past felony record.

Doc. 7 at 5.

Insofar as Petitioner complains that he continues to suffer financially from the restitution and fine imposed as part of his sentence, his financial obligations do not support a continuing civil disability argument. *See Sloan*, 505 F.3d at 697-698 (citations omitted) ("an order of restitution is no different than an award of damages in civil litigation. 'It is a sunk cost [cost actually incurred] rather than a continuing disability [which] produces additional injury as time passes.'... financial injury cannot be classified as the sort of civil disability that can support the issuance of the writ of coram nobi*s*."). Moreover, "being labeled as a felon" is only an injury to reputation and, thus, insufficient to warrant coram nobis relief. *See United States v. Waters*, 770 F.3d 1146, 1147-1148 (6th Cir. 2014) (collecting cases from 2nd, 3rd, and 7th circuits). Likewise, his remaining assertions appear to raise nothing more than reputational harms stemming from his conviction. Indeed Petitioner has failed to show that any of his disabilities

cause a present, continuing harm, which arises out of his erroneous conviction, and that is beyond the normal and incidental effects of being convicted.  See Sloan, 505 F.3d at 697.

For the foregoing reasons, Petitioner's request for coram nobis relief fails.

### III. RECOMMENDATION

It is recommended that the *Writ of Coram Nobis* be **SUMMARILY DISMISSED** with prejudice.

SIGNED June 22, 2015.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE